IN THE CIRCUIT COURT OF SEVIER COUNTY, TENNESSEE
AT SEVIERVILLE

| | |
|---|---|
| JOYCE LIEBOLD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 17-CV-305-I ) |
| K-VA-T FOOD STORES, INC. | ) JURY DEMANDED ) |
| Defendant. | ) ) |

**COMPLAINT**

Comes now the Plaintiff, Joyce Liebold, by and through counsel, and sues Defendant K-VA-T Food Stores, Inc. (hereinafter "Food City"), as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is an adult citizen and, at all times relevant to her claim, was a resident of Pigeon Forge, Tennessee.

2. Defendant is a foreign corporation with a principal office at 1 Food City Circle, Abingdon, Virginia 24210-1100. Defendant is registered to do business in this state and has a designated registered agent, Mickey Blazer. Service of process can be had at 6305 Lonas Drive, Suite 201, Knoxville, Tennessee 37909-2732. Defendant operates a chain of retail supermarkets in Kentucky, Virginia, Tennessee and Georgia. Plaintiff worked at Food City #610 located at 8625 Parkway, Pigeon Forge, Tennessee 37863.

3. This case arises under the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"). This Court has concurrent subject matter jurisdiction over this claim, and venue is proper pursuant to Tenn. Code Ann. § 20-4-102 and 42 U.S.C. § 2000e-5(f).

1

EXHIBIT B

4. Defendant employs more than twenty regular employees and is a covered employer under the ADAAA.

5. Plaintiff filed a charge of discrimination with the EEOC and received a Notice of Rights dated March 8, 2017. This Complaint is brought within ninety days of her receipt of the Notice.

### FACTS

6. At all times relevant to her claims, Plaintiff was an employee of Defendant. Plaintiff was employed as a Computer Room Operator. Additionally, she worked in the Grocery Department as Assistant Health and Beauty Care Coordinator. Plaintiff began her employment at Store #610 on April 10, 1995.

7. On or about December 15, 2015, Plaintiff sustained a complete tear to her left rotator cuff while at work. Plaintiff was off work from December 22, 2015 until June 22, 2016 for the workers' compensation injury to her shoulder.

8. On June 14, 2016, Defendant required Plaintiff to take a personal leave of absence, which lasted from June 23, 2016 until September 21, 2016. At the time Defendant required Plaintiff to take said leave, her treating physician placed her on Level 3 work restrictions.

9. By September 22, Plaintiff's treating doctor placed her on the following work restrictions: "The patient is permitted to engage in a light level of work activity, which means lifting 20 pounds maximum, frequent lifting or carrying of objects that weigh up to 10 pounds, walking or standing to a significant degree, or sitting most of the time with pushing and pulling of arm/leg controls."

10. Since April 2016, Plaintiff made multiple attempts to return to work, but Defendant, by and through the local store manager, did not permit Plaintiff's return. During

2

Plaintiff's personal leave, Defendant informed Plaintiff that she was expected to contact the store manager two weeks before her return date of September 21, 2016.

11. Plaintiff attempted to contact the store manager on or about September 7, 2016 to let him know that she would be returning to work. The store manager was not present when Plaintiff initially called the store, so she let the office manager know that she would be returning to work on September 21. At this point, the office manager informed Plaintiff that her name and employment information was no longer in the store's computer system; therefore, she could not simply show up at work on September 21, 2016 but needed to contact corporate about her return to work. Thus, Plaintiff contacted Peggy Parris at K-VA-T corporate's office to inform her that she would be returning to work and as part of this conversation to actually obtain a time and method on how to report. Plaintiff's messages to Peggy Paris (and others) and requests to return to work went unanswered.

12. On October 3, 2016, Plaintiff requested Defendant provide her with a reasonable accommodation to help her perform her prior duties or for Defendant to move her to one of the multiple open positions for which Plaintiff (based on her years of experience) knew she was qualified for, with or without a reasonable accommodation. Plaintiff attached a list of available positions she could perform without any accommodation.

13. Rather than granting an accommodation or discussing any aspect of the job's duties or her restrictions, Defendant, on or about October 26, 2016, sent Plaintiff a letter terminating her employment as of September 21, 2016.

## CAUSE OF ACTION

### Americans with Disabilities Act Amendments Act

3

14. The averments of paragraphs 6 through 13 are incorporated into this section by reference.

15. Plaintiff has a permanent disability that substantially limits multiple major life activities, and by virtue of her workers' compensation injury of which Defendant was well aware, also had a record of being disabled. Defendant also regarded Plaintiff as having a permanent disability that substantially limits multiple major life activities. Still, Plaintiff has the experience, skill, and other qualifications for the jobs she held while working for Defendant, as well as other jobs that were available and for which she requested consideration. Plaintiff could have performed the essential functions of her prior job with a reasonable accommodation or been assigned to one of several open positions for which she was qualified, with or without a reasonable accommodation.

16. Defendant was aware of Plaintiff's disability and received her written request to accommodate her disability on October 3, 2016.

17. Rather than providing the reasonable requested accommodation or otherwise engaging in the interactive process with Plaintiff, Defendant refused to contact Plaintiff except by a single letter informing Plaintiff that she was terminated.

18. Defendant took these adverse actions against Plaintiff because of her disability.

### DAMAGES

19. As a direct, proximate, and exclusive result of Defendant's violations of the ADAAA, Plaintiff has suffered humiliation, embarrassment, emotional distress, loss of business opportunity, loss of earning capacity, loss of personal reputation, loss of past and future income, as well as other benefits and privileges of employment.

4

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Joyce Liebold respectfully prays for the following relief:

1. A declaratory judgment that Defendant violated the ADAAA and that such violations were willful;

2. A jury be empaneled to serve as the trier of fact;

3. An award of damages in the amount of back pay, front pay, compensatory damages, non-pecuniary damages, punitive damages, and pre- and post-judgment interest not to exceed $300,000.00;

4. An order that Defendant report to the Court its status and manner of compliance with the ADAAA;

5. An award of reasonable attorney fees and costs; and

6. An award of such other and further legal and equitable relief to which she may be entitled under the facts of this case.

RESPECTFULLY SUBMITTED,

*Kayla L. Towe by: JDN w/pm*

JESSE D. NELSON (BPR # 025602)
KAYLA L. TOWE (BPR # 033592)
NELSON LAW GROUP, PLLC
*Attorneys for Plaintiff Joyce Liebold*
10263 Kingston Pike
Knoxville, TN 37922
(865) 383-1053
jesse@NLGattorneys.com
kayla@NLGattorneys.com

5

## COST BOND

The Nelson Law Group, PLLC acknowledges itself Surety for the Principal, Joyce Liebold, and agrees to be bound to the Circuit Court Clerk of Sevier County, Tennessee, for the payment of all costs awarded against the Principal in this action. To that end, it binds itself, its heirs, executors and administrators pursuant to Tenn. Code Ann. section 20-12-120.

_____
JESSE D. NELSON, MEMBER

6